UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVE KIZER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO.: 1:19-cv-1960 |
| | ) |
| HOOK-SUPERX, LLC d/b/a | ) |
| CVS PHARMACY and | ) |
| VALLEY ENTERPRISES, INC., | ) |
| | ) |
|    Defendants. | ) |

## NOTICE OF REMOVAL

Defendant Hook-SupeRx, LLC d/b/a CVS Pharmacy, by counsel, hereby removes the above-entitled civil action from the Superior Court of Hamilton County, Indiana to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and S.D. Ind. L.R. 81-1, for the following reasons:

1. On April 23, 2019, Plaintiff, Steve Kizer, filed a complaint in the Superior Court of Hamilton County, Indiana, styled as *Steve Kizer v. Hook-Superx, LLC d/b/a CVS Pharmacy and Valley Enterprises, Inc.*, under Cause No. 29D02-1904-CT-003853.

2. Plaintiff claims that on February 11, 2018, he slipped and fell on ice that had accumulated between the parking block and sidewalk at a CVS Pharmacy in Fishers, Indiana. Plaintiff has sued Defendants for negligence, and he claims he sustained severe injuries as a result of the slip and fall incident, including a multiple-fractured leg.

3. Plaintiff served a summons and copy of the complaint upon Hook-SupeRx, LLC's registered agent on April 26, 2019.

4. This notice of removal is being filed within 30 days after Plaintiff's service of the initial pleading in this matter on Hook-SupeRx, LLC and is therefore timely pursuant to 28 U.S.C. § 1446(b).

6. Steve Kizer is a citizen of Indiana and resident of City of Indianapolis, County of Marion, State of Indiana. *See* Exhibit 2, *Complaint for Damages*, ¶1.

7. Hook-SupeRx, LLC is, and was at the time the complaint was filed, a Delaware limited-liability company. The sole member of Hook-SupeRx, LLC is CVS Pharmacy, Inc., a Rhode Island corporation with its principal place of business in Rhode Island. Hook-SupeRx, LLC is thus a citizen of the State of Rhode Island only. *See*, *Cosgrove v. Brotolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding that the citizenship of a limited liability company is the citizenship of each of its members).

8. Defendant, Valley Enterprises, Inc., is a corporation incorporated in the State of Illinois with its principal place of business located in Illinois. Valley Enterprises, Inc. is thus a citizen of the State of Illinois only, pursuant to 28 U.S.C. § 1332(c)(1).

9. Since Plaintiff and Defendants are "citizens" of different states, there is complete diversity of citizenship between the parties within the contemplation of 28 U.S.C. § 1332(a).

10. Plaintiff's complaint is silent as to the value of his claims. However, pre-suit, Plaintiff provided a settlement demand package wherein he claims damages consisting of medical expenses amounting to $69,251.82 and lost wages of $2,769.23. Plaintiff also claims he underwent surgery to repair his fractured left libia, physical and occupational therapy, among other medical treatment. Plaintiff has demanded $325,000 to resolve this matter. *See*, Exhibit B, Plaintiff's Settlement Demand Package.

11.     Based on Plaintiff's allegations, his pre-suit settlement demand package, and his attorney's representations made therein, the amount in controversy in this lawsuit exceeds $75,000 exclusive of interest and costs.  *See*, *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("[T]he proponent of federal jurisdiction] has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met. [citation omitted].  That is easier said than done when the plaintiff, the master of the complaint . . . provides little information about the value of her claims.  In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence . . . Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat [federal] jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'")

13.     This action is a civil action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens domiciled in different states and the preponderance of the evidence shows that the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

14.     Complete diversity exists, and the jurisdiction of this Court is proper as required by 28 U.S.C. § 1332(a), as the evidence demonstrates Steve Kizer is a citizen of Indiana, and none of the Defendants is a citizen of Indiana.  "A case falls within the federal district court's 'original' diversity jurisdiction only if diversity of citizenship among parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State."  *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381 (1998); *see also*, *City of Indianapolis v. Chase Nat. Ban of City of New York*, 314 U.S. 63 (1941) ("To sustain diversity jurisdiction there must exist an 'actual'

'substantial' controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side.")

15. Because the state court action was filed in Hamilton County, Indiana, the District Court for the Southern District of Indiana, Indianapolis Division, is the proper venue. *See*, 28 U.S.C. §§ 1441(a) and 94(a)(3).

16. On May 16, 2019, a notice of this filing will be filed in the Hamilton County Superior Court No. 2 case via the Indiana State Court electronic filing system and will be served upon all known counsel in that case.

WHEREFORE, Hook-SupeRx, LLC d/b/a CVS Pharmacy, by counsel, by counsel, respectfully give notice that this civil action is removed to this Court from the Hamilton County Superior Court.

Respectfully submitted,

*/s/ Nicholas G. Brunette*
Nicholas G. Brunette (27042-49)
REMINGER CO., L.P.A.
College Park Plaza
8909 Purdue Road, Suite 200
Indianapolis, IN 46268
T: (317) 853-7371 / F: (317) 228-0943
nbrunette@reminger.com
**Counsel for Defendant Hook-SupeRx, LLC d/b/a CVS Pharmacy**

## **CERTIFICATE OF SERVICE**

      I certify that the foregoing document has been electronically filed using the United States District Court's CM/ECF system on this 16th day of May, 2019, **and** that a courtesy copy of the foregoing document has sent via first-class, U.S. mail, postage pre-paid to:

Trevor J. Crossen
CROSSEN KOOI, LLP
4661 Lisbom Drive
Carmel, IN 46033
*Counsel for Plaintiff*

                                               */s/ Nicholas G. Brunette*
                                               Nicholas G. Brunette (27042-49)
                                               Reminger Co., LPA